Gaspar Espada, Plaintiff and Appellant, v. Heirs of Antonio Torres Colón, Defendants and Appellees.

No. 7313. Argued June 18, 1937.—Decided July 7, 1937.

*José Fernández Segarra* for appellant. *Manuel A. Rivera* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

The plaintiff herein alleged that he was the owner of three rural properties, of seven, twelve, and three acres (*cuerdas*), respectively; that in order to execute a judgment obtained against him by defendant's predecessor in interest, the latter caused the said three properties to be sold at public auction and awarded to the creditor for the sum of $450; that prior to the filing of the suit in which judgment was rendered against the present plaintiff, the latter had established his homestead in the 7-acre property, in which he lived as head of a family together with his wife and a daughter; and that he has continued to occupy said property as his home-

stead ever since, without having waived his right in any way. Prayer was made that it be declared that plaintiff had a homesead right in the 7-acre property; that in case the value of said property was less than $500, it should be declared that the right of the plaintiff extended to the other two properties; and that in the event none of the properties was worth $500 but their joint value exceeded that amount, the defendant heirs should be adjudged to pay to the plaintiff the sum of $500, with costs.

The defendants specifically denied that plaintiff had his homestead established in the 7-acre property, either before or after the execution and sale of the three properties; that the occupancy of the property by plaintiff had continued as alleged; or that plaintiff was a householder having a family.

As new matter of opposition to the complaint, the defendants alleged that the plaintiff purchased the said three properties for $707.41; that for the purpose of enabling the plaintiff to pay the agreed price, Mr. Antonio Torres Colón, predecessor in interest of the defendants, loaned to him the sum of $700; that a few days after the acquisition of said properties the plaintiff mortgaged them to Torres Colón as security for the loan of $700; that the mortgage claim was foreclosed, and judgment rendered whereby the properties were sold at public auction to the defendants. By way of cross complaint, the defendants demanded judgment against the plaintiff for $79.10, as taxes due on the three properties for the fiscal year 1929–1930 and unpaid by the plaintiff, and for $400, as the value of the fruits alleged to have been fraudulently collected by the plaintiff from the three properties, after the same had been awarded to the defendants. The plaintiff denied the essential allegations of the cross complaint, and the case went to trial.

The Municipal Court of Coamo rendered judgment dismissing the complaint and the cross complaint on the merits. Feeling aggrieved by that judgment, the plaintiff took an

appeal. By stipulation of the parties, the trial *de novo* in the district court was set for January 21, 1936. The defendants appeared, but the plaintiff and appellant failed to do so. Thereupon the defendants moved that the plaintiff be considered as having abandoned his action, and the defendants as having withdraw their cross complaint. The lower court so ordered, taxing the plaintiff with costs.

On February 24, 1936, the plaintiff filed a motion for reconsideration of the order directing the dismissal of his complaint for want of prosecution. He alleged in his motion that his attorney, Angel de Jesús Matos, and the attorney for the defendants, had by a motion stipulated that the trial be held on January 21, 1936, and that by said motion the two attorneys were notified of said setting, for which reason the clerk of the district court did not sent any notice either to the attorneys or to the parties; that the plaintiff was never notified of said setting, either by his attorney or by the clerk of the court, and that had he had knowledge of the setting he would have appeared to prove his case, assisted by his attorney, Mr. De Jesús Matos, or by some other attorney. In support of the motion an affidavit of merits was filed, signed by the plaintiff, in which he declared that he had stated the facts of the case to his new attorney, José I. Fernández Segarra, who advised him that the facts and the law were in favor of plaintiff and against the defendants, and that the plaintiff had a good and substantial cause of action. The motion was denied because the plaintiff had failed to show sufficient grounds for the court to exercise its discretion in movant's favor. The plaintiff appealed.

 The Act to regulate the appeals from judgments of the municipal courts in civil suits, approved March 11, 1908 (Code of Civil Procedure, p. 135), provides:

"Section 3.— . . . If the plaintiff fails to appear before the District Court, the District Court shall dismiss the action for want of prosecution and shall enter judgment for defendant with costs."

The clerk of a district caurt is not bound to notify the settings for trial to the litigants. See *Altuna* v. *Ortiz et al.*, 11 P.R.R. 24; *Camacho* v. *Ortiz*, 32 P.R.R. 621; and *Bonilla* v. *Echeandía et al.*, 34 P.R.R. 321. And this Supreme Court has also held that notice to the attorneys of the call of the docket and of the settings for trial is not required by the statute. See *Cubano* v. *Jiménez et al.*, 32 P.R.R. 155, *Cintrón* v. *"El Zenit"*, 28 P.R.R. 642, and *Guardian Assurance Co., Ltd.* v. *López Acosta*, 24 P.R.R. 597.

The setting in the instant case was made by an express agreement in writing by the attorneys of the litigants, with the approval of the court. By accepting notice, said attorneys waived any right they might have to be served with notice of the setting. And their respective clients were bound by such waiver. See section 9 of "An Act to regulate the practice of the profession of law in Porto Rico," approved on April 13, 1916 (Session Laws, p. 89). The district court did not err in dismissing the complaint for want of prosecution.

■■ A motion for the reconsideration of a judgment is always addressed to the sound discretion of the court which rendered such judgment. Said discretion can only be reviewed on appeal when the record clearly shows that an abuse of discretion has been committed. We think that the findings of fact appearing in the judgment entered by the municipal court, and the insufficiency of the affidavit of merits submitted in support of the motion for reconsideration, justify the decision of the district court refusing to reconsider its judgment. There was no abuse of discretion. The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.